UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANDRE MACK,

    Plaintiff,

v.     CASE NO. 3:25-cv-103-HES-SJH

TRAVELERS CASUALTY
INSURANCE COMPANY OF
AMERICA, et al.,

    Defendants.
_____/

### ORDER

**THIS CAUSE** is before the Court on Defendant GEICO General Insurance Company's ("Geico") Disclosure Statement Under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 ("Disclosure Statement"). Doc. 21. Rule 7.1 of the Federal Rules of Civil Procedure ("Rule(s)") requires all parties in a diversity action to file a disclosure statement naming, and identifying the citizenships of, each individual or entity whose citizenship is attributed to that party. *See* Fed. R. Civ. P. 7.1(a)(2). This Court has prepared a standard form that, if completed properly, complies with the requirements of Rule 7.1 and provides to the assigned district judge and magistrate judge information concerning potential conflicts. Local Rule 3.03 requires each party to file this form, available in the "forms" section of the Court's website, www.flmd.uscourts.gov, with its first appearance.

    Geico's Disclosure Statement is similar to the required form, but with some

apparent (and improper) modifications to substitute bullet points for the numbers of all applicable questions. Regardless, the form is completed incorrectly. In response to Question 2, Geico appropriately acknowledged that this is a diversity action based on either 28 U.S.C. § 1332(a) or § 1332(d) (in this case, the former). Doc. 21 at 2. But then, when asked for the name and citizenship of each person or entity whose citizenship is attributed to the filer, Geico stated: "GEICO General Insurance Company is incorporated in the State of Nebraska." *Id.* That is insufficient.

> Under 28 U.S.C. § 1332(c)(1):
>
> a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—
>
> > (A) every State and foreign state of which the insured is a citizen;
> >
> > (B) every State and foreign state by which the insurer has been incorporated; and
> >
> > (C) the State or foreign state where the insurer has its principal place of business[.]

28 U.S.C. § 1332(c)(1). Thus, Geico is a citizen of every state in which it is incorporated *and* the state of its principal place of business; in addition, if, but only if, the "direct action against the insurer" clause and exception applies, it would also be deemed a citizen of each state of which its insured is a citizen. *See id.* Despite having not provided the necessary information to identify its citizenship, Defendant then answered that it was an insurer (Question 2(c)) and that it was a corporation (Question

2

2(e)) and in each instance had identified its citizenship in accord with § 1332(c)(1), which it had not. Doc. 21 at 2-3.

Accordingly, Geico's Disclosure Statement, Doc. 21, is **stricken**. Geico shall carefully and properly complete and file a disclosure statement pursuant to Local Rule 3.03 on or before **May 6, 2025**.

**DONE AND ORDERED** in Jacksonville, Florida, on April 29, 2025.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record

3